**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JIMMY BAUGH, #183590,

       Petitioner,

                                    Civil No: 2:08-CV-13033
                                    Honorable George Caram Steeh
                                    Magistrate Judge R. Steven Whalen

v.

CAROL HOWES,

       Respondent.
_____/

**OPINION & ORDER DENYING PETITIONER'S MOTION FOR
ORAL ARGUMENT [dkt. #2] AND MOTION FOR
EVIDENTIARY HEARING [dkt. #4]**

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree felony murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. He was sentenced to life imprisonment for the first-degree felony murder conviction, two to five years imprisonment for the felon in possession conviction, and a two year consecutive term of imprisonment for the felony firearm conviction. Pending before the Court are Petitioner's "Motion for Oral Argument" [dkt. # 2]; and "Motion for Request for an Evidentiary Hearing." [dkt. # 4]. The Court will deny both motions without prejudice.

**I. Discussion**

**A. Oral Argument**

       Petitioner requests oral argument in this case because he believes his habeas petition "touch[es] on matters at the heart of the United States Constitution, and it is

impossible to address this in the form of a pleading without preparing lengthy memorandums." Mot. at pg. 1. "Petitioner believes oral argument would assist this Court in deciding the interesting questions presented in this Petition." *Id.* Although courts do not typically grant oral argument when a party is in custody, a court has discretion to do so. See E.D. Mich. L.R. 7.1(e)(1). The Rule 5 materials in this case are not due for filing until February 25, 2009 and to date have not been filed with the Court. Until the Court reviews the pleadings and the Rule 5 materials, the Court is unable to determine whether oral argument is necessary or required. See Fed. R. App. P. 34(a)(2)(C). However, Petitioner's motion will be reconsidered if following the Court's review of the full record, it determines that oral argument is required. No additional motions need to be filed regarding this issue. The motion is DENIED without prejudice.

### B.  Evidentiary Hearing

Petitioner claims that since the Court has discretion to conduct an evidentiary hearing, it should do so in this case because of the substantial federal constitutional issues of law, which have been presented. Specifically, Petitioner cites the following claims: (1) ineffective assistance of trial and appellate counsel; (2) Confrontation Clause and due process violations; and (3) prosecutorial misconduct. Mot. at pp. 1-2.

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. §2254 (evidentiary hearing required only where facts necessary to

determination are outside the record); and (2) whether a hearing is permitted under 28 U.S.C. §2254(e)(2).

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which if true would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, __ U.S. ___, 127 S.Ct. 1933, 1940 (2007). In *Williams v. Taylor*, 529 U.S. 420 (2000), the Supreme Court found that the threshold determination under § 2254(e)(2) is whether the petitioner "failed to develop the factual basis" of his claim in state court proceedings. The Court reasoned:

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.

*Williams v. Taylor*, 529 U.S. at 437. The Court further stated that diligence "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

As previously stated, the Rule 5 materials have not been filed with the Court to date. Until the Court reviews the pleadings and the Rule 5 materials, the Court is unable to

determine whether an evidentiary hearing is necessary or required in accordance with the standard set forth above.  Thus, the interests of justice at this time require the Court to deny Petitioner's motion without prejudice.  However, Petitioner's motion will be reconsidered if following the Court's review of the full record, it determines that an evidentiary hearing is required.  No additional motions need to be filed regarding this issue.  The motion is DENIED without prejudice.

## II. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Oral Argument" [Dkt. #2] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Request for Evidentiary Hearing" [Dkt. #4] is **DENIED WITHOUT PREJUDICE.**

Dated:  February 20, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 20, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk